## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. EDMOND CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-45-C |
| | ) | |
| 1. STATE OF OKLAHOMA, *ex rel.*, BOARD | ) | |
| OF REGENTS OF THE UNIVERSITY | ) | |
| OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

## PARTIES

1.   The Plaintiff is Edmond Clark, an adult male resident of Cleveland County, Oklahoma.

2.   The Defendant is the State of Oklahoma, *ex rel*. Board of Regents of the University of Oklahoma a state entity.

## JURISDICTION AND VENUE

3.   Plaintiff's causes of action are for:

A.   Disability discrimination including failure to accommodate, discriminatory and retaliatory termination in violation of the OADA and federal Rehabilitation Act, 29 U.S.C. §§ 701, 794, *et seq*.;

B.   Interference with Plaintiff's FMLA rights, and retaliation after Plaintiff sought FMLA, in violation fo the Family Medical Leave Act.

Jurisdiction over the federal claims are vested in this Court under 29 U.S.C. § 2617(a)(2), 29 U.S.C. § 794, and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

4.   All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county. Oklahoma County is within the Western

District of the United States District Court of Oklahoma and venue is appropriate in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.    The Defendant is a public entity which receives funding from the federal government and is covered by the Family Medical Leave Act and the federal Rehabilitation Act.

6.    Plaintiff is a covered employee in that at the time of the termination he had been employed by the Defendant for more than one year and had worked more than 1250 hours and was entitled to FMLA leave.

7.    Plaintiff worked for the Defendant from around January 2009 until July 3, 2014.

8.    Beginning around February 2014 Plaintiff's job title became Shipping and Receiving Clerk III.

9.    Plaintiff was qualified for his job position and capable of performing all of the essential functions of his job with reasonable accommodation.

10.    Plaintiff suffers from anxiety and related impairments which, without the ameliorative effects of mitigating measures, substantially limits at least the following major life activities:

    A.    Plaintiff's ability to sleep would be substantially impaired as he would be unable to sleep except for an hour or two without waking.

    B.    Plaintiff would have difficulty to think and communicate in that he would be unable or nearly unable to think coherently or communicate with others.

    C.    Plaintiff's bodily functions are substantially impaired, including the bodily functions of normal cell growth and neurological function.

11.    As a result of the limitations set out in Para. 10, above, Plaintiff suffers from a disability as defined by the Rehabilitation Act, 29 U.S.C. § 705(20)(B) and the ADA Amendments Act (ADAAA), 42 U.S.C. § 12102(1)(A), (2)(B), in that he suffers from a condition which materially impairs major life activities and bodily functions as defined by and/or is regarded as having such impairment as defined by 42 U.S.C. §

2

12102(1)(C), (3).

12.    At the least, Defendant perceived Plaintiff as having a disability. Defendant refused to allow Plaintiff to return to work with any restrictions, claiming Plaintiff was unable to perform his job even though Plaintiff would have been able to perform his job with reasonable accommodation.

13.    Around February 26, 2014 Plaintiff suffered what he believed to be an anxiety attack while at work, which was a result (to Plaintiff's understanding) of his underlying condition of anxiety. Plaintiff suffered chest pains and was taken to the emergency room.

14.    Plaintiff returned to work around February 27, 2014 and provided Defendant with a physician's note allowing him to return to work.

15.    Around April 9, 2014 Plaintiff suffered a broken scapula on his right shoulder.

16.    The broken scapula was a serious medical condition which entitled Plaintiff to FMLA leave.

17.    Plaintiff notified the Defendant of his need to take FMLA leave and Plaintiff began taking such leave around April 10, 2014.

18.    After Plaintiff went on FMLA leave, Defendant claimed that Plaintiff was taking FMLA leave for "three concurrent FMLA events" including the true reason of a broken scapula and the false reasons of having "panic attacks" and "narcolepsy".

19.    Although Plaintiff had suffered from sleepiness, he did not take FMLA for this matter and was capable of performing the essential functions of his job.

20.    Defendant refused to allow Plaintiff to return to work until he had full releases to return to work without restrictions.

21.    Around June 19, 2014 Plaintiff requested to return to work with temporary restrictions of fifteen pound pushing and pulling restrictions and ten pound lifting restrictions. Such restrictions were limited to Plaintiff's right shoulder and did not affect his ability to push, pull or lift with his left side.

3

22.     Defendant refused to allow Plaintiff to return to work and told Plaintiff he would be terminated if he could not provide a doctor's note that provided a full release without restrictions.

23.     By requiring a full release the Defendant refused to engage in an interactive process under the ADA and refused to provide reasonable accommodations to the Plaintiff.

24.     Defendant forced the Plaintiff to remain on FMLA leave although Plaintiff did not need such leave as he could have been reasonably accommodated.

25.     Plaintiff was terminated around July 3, 2014.

26.     The claimed reason for the termination was that Plaintiff abandoned his job by not provided a full release to return to work without restrictions.

27.     At the least, motivating factors in the decision to terminate the Plaintiff include his disability(ies), Defendant regarding Plaintiff as being disabled, his request for reasonable accommodations and/or his request for FMLA protected leave.

28.     As a result of the termination the Plaintiff has suffered (and continues to suffer) lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress including worry, stress, frustration and similar unpleasant emotions.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

29.     Discrimination and retaliation on the basis of a disability or perceived disability, failing to accommodate Plaintiff's disability, and retaliation for Plaintiffs' requests for accommodation are contrary to the Rehabilitation Act and OADA.

30.     Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.  Plaintiff is further entitled

to liquidated damages under the OADA.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

31. Retaliation against the Plaintiff for Plaintiff's exercise of his rights under the FMLA, and for interference with Plaintiff's FMLA rights, are violations of the FMLA.

32. Forcing Plaintiff to utilize unneeded FMLA leave violates the FMLA.

33. Defendant's actions were willful as defined by the FMLA.

34. As a result of such retaliation Plaintiff is entitled to actual and equitable damages including lost wages (past, present and future and for the value benefits associated with such earnings), pre-judgment interest, attorney fees and costs.

35. Because the actions of the Defendants were not taken in good faith, Plaintiff is entitled to an award of liquidated damages.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants and grant him all compensatory damages suffered together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 14th DAY OF JANUARY, 2015.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: amberh@hammonslaw.com
*Counsel for Plaintiff*
**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**