IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EDMOND CLARK,

    Plaintiff,

v.

STATE OF OKLAHOMA, *ex rel.*,
BOARD OF REGENTS OF THE
UNIVERSITY OF OKLAHOMA,

    Defendant.

Case No. CIV-15-45-C

**DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, the State of Oklahoma *ex rel*. Board of Regents of the University of Oklahoma (the "University"), respectfully requests the Court dismiss Plaintiff's claims in their entirety. Subsequent to Plaintiff's termination from the University, he brought suit seeking damages based on (1) discrimination and retaliation in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. §§ 1101, *et seq.*; (2) discrimination and retaliation in violation of the federal Rehabilitation Act, 29 U.S.C. §§ 701, 794, *et seq.*; and (3) interference with his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C.. §§ 2601 *et seq.*, and retaliation for his exercise of those rights.

The University is entitled to sovereign immunity and the Court lacks subject matter jurisdiction over Plaintiff's claims under the OADA and the FMLA, and the University respectfully requests their dismissal pursuant to Fed.R.Civ.P. 12(b)(1). Because Plaintiff failed to plead facts sufficient to support his claim under the Rehabilitation act, the University respectfully its dismissal pursuant to Fed.R.Civ.P.12(b)(6).

**ARGUMENTS AND AUTHORITIES**

I.  **PLAINTIFF'S CLAIM UNDER THE FAMILY MEDICAL LEAVE ACT IS BARRED BY LAW.**

In Count II, Plaintiff requests "actual and equitable damages including lost wages (past, present and future and for the value benefits associated with such earnings) pre-judgment interest, attorney fees and costs." [Doc. No. 1, Par. 34]. Congress did not validly abrogate the states' sovereign immunity when it enacted the self-care provision of the Family Medical Leave Act ("FMLA"). *Coleman v. Court of Appeals*, 182 L. Ed. 2d 296 (2012); and *Brockman v. Wyoming Dep't of Family Servs.*, 342 F.3d 1159, 1165 (10th Cir. 2003) ("We thus hold that through subsection (D), Congress did not effect a valid abrogation of state sovereign immunity."); and *Osborne v. Okla. Employment Sec. Comm'n*, No. CIV–05–1500– L, 2006 WL 2090089, at *3 (W.D. Okla. July 25, 2006) ("Plaintiff's FMLA claim is likewise barred as Congress did not validly abrogate the States' sovereign immunity when it enacted the self-care provision of the FMLA.") As such, Plaintiff seeks money damages for a barred claim. "The Eleventh Amendment is an explicit limitation of judicial power of the United States." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 25 (1933)); U.S. Const. Amend. XI; *see also Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 865-66 (10th Cir. 2003). Without waiver or valid abrogation of sovereign immunity, States are immune from suit in federal court for monetary damages by individuals. *See Chaffin*, 348 F.3d at 865–66. Oklahoma has not waived its immunity. *See* 51 Okla. Stat. § 152.1(B); *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994) (holding the Board of Regents of the University of

Oklahoma is an arm of the State of Oklahoma); *see also Freeman v. State ex rel. Dep't of Human Servs.*, 2006 OK 71, 145 P.3d 1078. Plaintiff's claim under the FMLA should therefore be dismissed pursuant to Fed.R.Civ.P 12(b)(1).

## II. PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR DISABILITY DISCRIMINATION UNDER THE OADA OR THE FEDERAL REHABILITATION ACT.

Plaintiff's first cause of action seeks relief under the OADA and the Rehabilitation Act for an alleged discriminatory and retaliatory termination. [Doc. No. 1, ¶ 3(A).] Plaintiff's claims under the OADA are barred as a matter of law, and he fails to state a claim under the Rehabilitation Act. The claims should therefore be dismissed.

### A. The OADA Claim is Barred.

The State has not waived its Eleventh Amendment immunity from claims made under the OADA. Moreover, as a condition precedent to maintaining a disability discrimination action, a plaintiff is first required to "file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission *alleging the basis* of discrimination believed to have been perpetrated." 25 Okla. Stat. § 1350. Upon receipt of a Notice of a Right to Sue, a claim under the OADA "*shall be commenced*" in district court of Oklahoma "for the county in which the discrimination is alleged to have occurred. Plaintiff's claims against the University are flawed on each of these grounds.

### *i.     The University is immune from Plaintiff's OADA claim.*

Like his claim under the FMLA, Plaintiff again seeks monetary recovery in federal court under the OADA.  The State has not waived its immunity under the Eleventh Amendment allowing Plaintiff to pursue such action in federal court. "The Eleventh Amendment is an explicit limitation of judicial power of the United States." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119, (1984) (*citing Missouri v. Fiske*, 290 U.S. 18, 25 (1933)); *see also* U.S. Const. Amend. XI; *Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 865-866 (10th Cir. 2003). Unless there has been a proper abrogation of sovereign immunity, states are immune from suit by individuals for monetary damages in federal court. *See Garrett,* 531 U.S. at 363.

"Defendant, as an agency of the State of Oklahoma, cannot be sued in federal court for state law torts of wrongful discharge." *Osborne v. Okla. Employment Sec. Comm'n*, No. CIV–05-1500-L,  2006 WL 2090089, at *4 (W.D. Okla.) (citing *Pennhurst*, 465 U.S. at 121-122); *see also Rinehart v. Smart*, No. CIV–05–1473–HE, 2006 WL 1525939, at *3 (W.D. Okla.); and *Weinberger v. State of Okla., ex rel., Bd. of Regents of Okla. A&M Colleges*, No. CIV–06–67–C, 2007 WL 593572, at *8 (W.D. Okla.) ("state colleges and universities, like Defendant, are entitled to Eleventh Amendment immunity from suit in federal court absent waiver or a valid abrogation by Congress.").  The University has not waived its immunity for OADA claims and there has been no valid abrogation of its immunity. *See* 51 Okla. Stat. § 152.1 (state's sovereign immunity is waived only to the extent and manner provided for in 51 Okla. Stat. §§ 151 *et seq.*); *Elwell v. State of Okla. ex rel. Bd. of Regents of Univ. of Oklahoma*, No. CIV–10–1169– C, 2011 WL 560455, at *3 (W.D. Okla. Feb. 8, 2011) (aff'd,

693 F.3d 1303 (10th Cir. 2012)) ("Consequently, the State is immune from Plaintiff's state-law claim seeking monetary damages for alleged employment discrimination") (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.")). The University, therefore requests Plaintiff's claims under the OADA be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

>   ii.   ***Plaintiff did not exhaust his administrative remedies as to a claim for retaliation.***

Plaintiff describes his cause of action under the OADA as "discriminatory and retaliatory termination in violation of the OADA." Plaintiff's EEOC Charge, however, makes no reference whatsoever to retaliation. (Plaintiff's EEOC Charge, attached hereto as Exhibit "1").[1]

Although state case law addressing the exhaustion requirement specifically under the OADA remains extremely limited, federal cases examining the exhaustion requirement are informative and cut overwhelmingly against Plaintiff's purported claim for retaliation. Under the OADA, the University is entitled to "any defense . . . available under Title VII .

---

[1] The Court may consider authentic copies of documents central to establishing a plaintiff's claim without converting the motion to one for summary judgment. *See Barrett v. Rumsfield,* 158 Fed.Appx. 89, n. 1 (10th Cir. 2005); *GFF Corp. v.Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir. 1997). Because the University Defendants' Motion to Dismiss rests on the Court's lack of subject matter jurisdiction, it is permissible for the Court to consider extraneous information challenging the facts upon which subject matter jurisdiction is based. *See Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir.1995) ("[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends . . .[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).")

. . the Rehabilitation Act, the Americans with Disabilities Act, or the Genetic Information Nondiscrimination Act." 25 Okla. Stat. § 1350(F). In accord, "[t]he Tenth Circuit has held that a plaintiff's OADA claim fails if her federal discrimination claims fail." *Bennett v. Windstream Commc'ns, Inc.*, No. 13–CV–222–GKF–TLW, 2014 WL 2938346 (N.D. Okla. June 27, 2014); and *Ayoola v. OG&E Energy Corp.*, No. CIV–13–804–D, 2014 WL 111144, at *2 (W.D. Okla. Jan. 10, 2014) (Plaintiff's failure to exhaust her administrative remedies under Title VII was tantamount to failure to exhaust under the OADA).

"The official charge [of discrimination] is the primary, and usually the only, place to which courts look to determine whether a plaintiff timely and properly exhausted her claims before the EEOC." *McDonald v. Corr. Corp. of Am.*, 181 F. Supp. 3d 1274, 1278 (D.N.M. 2002). Plaintiff did not "mark the box" indicating that a charge of retaliation should be investigated, nor did he describe a claim for retaliation in the narrative portion of his charge. The Charge tells the EEOC what to investigate and provides notice to the charged party of the claims against it. *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994) (abrogated on other grounds) . "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.3d 124, 127 (7th Cir. 1989) (cited with approval in *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir 1997) (abrogated on other grounds), and *Welsh v. City of Shawnee*, No. 98-6243, 1999 WL 687084, at *2 (10th Cir. June 1, 1999).

Failure to check a box as to what form of discrimination should be investigated "creates a presumption that [the complainant] was not asserting claims represented by boxes not checked." *See Zinke v. Slater*, No. 01-6125, 34 Fed. App'x 667, 672 (10th Cir. May 3, 2002) (citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998)). In fact, even "checking a box for retaliation in the Charge of Discrimination is insufficient where a plaintiff does not allege any facts in the charge related to retaliation." *Ayoola v. OG&E Energy Corp.*, No. CIV–13–804–D, 2014 WL 111144, at *2 (W.D. Okla. Jan. 10, 2014) (citing *Cooper v. Xerox Corp.*, 994 F.Supp. 429, 436 (W.D.N.Y.1998). Plaintiff's failure to either check the box clearly marked "retaliation," or, at a minimum, make some reference to such a complaint in the narrative portion of his Charge, results in his failure to exhaust his administrative remedies and "acts as a jurisdictional bar, which mandates a Fed.R.Civ.P. 12(b)(1) dismissal." *Thomason v. First Pryority Bank*, No. 09–CV–796–GKF–TLW, 2010 WL 2079699, at *1 (N.D. Okla. May 21, 2010).

### iii.     *Plaintiff's OADA claim was commenced in the wrong venue.*

Irrespective of the state's immunity and Plaintiff's failure to exhaust administrative remedies, Plaintiff's claims under the OADA are not properly before this court. The Oklahoma legislature expressly provided that any action under the OADA "shall be commenced in the *district court of this state for the county* in which the unlawful employment practice is alleged to have been committed." 25 Okla. Stat. § 1350(D). In designating the sole venue as the Oklahoma state district courts for the county in which

alleged wrongdoings can be sued upon, the OADA proscribes suit under the Act being commenced in federal court.

### B. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE REHABILITATION ACT.

The conspicuous factual deficiencies presented in Plaintiff's Complaint warrant dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The standard of dismissal is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). In making its determination under Fed.R.Civ.P. 12(b)(6), the Court should "look for plausibility in th[e] complaint," (*Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl.,* 127 S.Ct. at 1974)) and review the *specific allegations* "to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n. 2 (emphasis added).

To establish a cause of action under the Rehabilitation Act, Plaintiff must minimally plead that he was terminated "solely" because of his disability. *See* 29 U.S.C. 794(a). This theory is defeated on the face of Plaintiff's Complaint. Plaintiff alleges the "motivating factors" behind his termination include his requested leave under FMLA. [Doc. No. 1, ¶ 27]. More importantly, the allegations state that in reality, Plaintiff was terminated for abandoning his position. [Doc. No. 1, ¶ 26].

Plaintiff likewise failed to plead facts sufficient to support the conclusion that he was otherwise qualified for the position. *See McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004). With no facts in support, Plaintiff offers the pure legal conclusions that he would have been able to perform his job with reasonable accommodation, and that he "was capable

of performing the essential functions of his job. [Doc. No. 1, ¶¶ 9, 12, 19]. Although Plaintiff's physical conditions and alleged disabilit(ies) are described with some detail, the Court is left to speculate entirely as to what his actual job functions were, or how his pled conditions would or would not affect his ability to perform those functions, with or without accommodation. In similar fashion, while Plaintiff concludes that a motivating factor in his termination was his request for reasonable accommodation ([Doc. No. 1, ¶ 27]), he declines to make a factual pleading with respect to what accommodation, if any, was actually requested, much less denied.

WHEREFORE, the University respectfully requests the Court dismiss Plaintiff's Complaint in its entirety and grant any and all additional relief the Court deems just and equitable, including but not limited to costs and fees.

Respectfully submitted,

s/ Eric A. Moen
Gus H. Buthman, OBA #22089
Eric A. Moen, OBA # 31155
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
srobey@ou.edu
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of February 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Mark Hammons  
Amber L. Hurst  
Hammons, Gowens, Hurst & Associates  
325 Dean A. McGee Avenue  
Oklahoma City, OK 73102  
*Attorneys for Plaintiff*

                                              s/ Eric A. Moen  
                                              Eric A. Moen